■ JOANNE PLANK, Appellant-Respondent, v UIS, INC., Respondent-Appellant, et al., Respondent.—Order unanimously affirmed without costs. Memorandum: While employed at Commodore Plastics, plaintiff was injured operating a thermoforming machine. The machine was manufactured by UIS in 1970 and purchased by Commodore in 1981. In 1983, Commodore hired Pettinger & Gardner to modify the machine by building a metal framework and rotating the trim station 90° so that it was in a vertical, rather than horizontal, position. A Commodore employee testified that he designed and supervised the modifications.

In response to motions for summary judgment by Pettinger & Gardner and UIS, plaintiff's expert averred that the "accident machine was defective when made, and * * * the defects were a substantial factor in causing the accident", "that the absence of an interlock significantly contributed to the accident", "that the machine was not substantially altered after manufacture", and that "there were no changes which materially or substantially altered that portion of the machine which is involved in this lawsuit". Plaintiff's expert analogized the modifications to taking a shotgun and holding it with the barrel pointing vertically rather than horizontally.

The IAS Court properly granted Pettinger & Gardner's motion for summary judgment. Plaintiff's expert not only failed to identify any defect in the modifications by Pettinger & Gardner, but characterized the modifications as insubstantial and immaterial to the cause of action *(see, Ayala v V & O Press Co.,* 126 AD2d 229).

The court properly denied the motion by UIS for summary judgment. Plaintiff's expert raised a triable issue of fact whether the machine was defective at the time it left the manufacturer's hands. Although it is true, as UIS argues, that

a manufacturer is not liable for subsequent modifications that render a product defective *(Robinson v Reed-Prentice Div.,* 49 NY2d 471, 479), here plaintiff's expert averred that the machine was defective when made, that the defects were a substantial factor in causing the accident and that no changes had been made in that portion of the machine that caused the accident.

Finally, we address the argument by UIS that the breach of warranty claim against it is barred by the Statute of Limitations. The defense was not asserted in the answer and is deemed waived (CPLR 3211 [e]). (Appeals from Order of Supreme Court, Ontario County, Harvey, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.